PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JA'QUAYNTAE CALVIN WILBURN, | ) | |
| | ) | CASE NO. 4:21-CV-71 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| STRUTHERS POLICE DEPARTMENT, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

*Pro se* Plaintiff Ja'Quayntae Calvin Wilburn has filed a fee-paid Complaint in this matter against Defendant Struthers Police Department. ECF No. 1. Plaintiff has also filed a Motion to proceed *in forma pauperis*. ECF No. 2. In light of Plaintiff's payment of the filing fee on March 1, 2021, his Motion to proceed *in forma pauperis* is denied as moot.

Plaintiff's one-page, handwritten Complaint is almost entirely incomprehensible. The Complaint generally consists of a series of disconnected assertions and legal rhetoric, including references to 42 U.S.C. §§ 1983 and 1988 and various provisions of Ohio law. It does not set forth any cogent factual allegations or specific federal legal claims against Defendant Struthers Police Department.

**I. Standard for Dismissal**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits. *See, e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th

(4:21-CV-71)

Cir.1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. See Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. Accordingly, a district court may, at any time, *sua sponte* dismiss any complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir.1999).

## II. Analysis

Upon review, the Court finds that the Complaint warrants dismissal pursuant to *Apple v. Glenn*. The statements and assertions set forth in the Complaint are so incomprehensible, unsubstantial, and frivolous that they do not provide a basis to establish this Court's subject matter jurisdiction over any claim against the Defendant. See Lillard v. Shelby Cnty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Furthermore, police departments are not *sui juris*, meaning they are not capable of suing or being sued for purposes of federal civil rights claims. Petty v. Cnty. of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir.2007), *abrogated on other grounds by* Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Barrett v. Wallace, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity, and, therefore, is not subject to suit or liability under § 1983."); Elkins v. Summit Cnty., Ohio, No. 5:06-CV-3004, 2008 WL 622038 (N.D. Ohio March 5, 2008)

(4:21-CV-71)

(stating that administrative units of a local government, such as a municipal police department, are not *sui juris*, and cannot be sued without positive statutory authority, which is absent in Ohio). Additionally, nothing in the Complaint suggests Plaintiff could possibly allege a valid claim of governmental liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), which held that local governments may not be held liable for federal civil rights violations on the basis of *respondeat superior,* but may be held liable where their own official policy or custom causes a rights violation.

### III. Conclusion

In accordance with the foregoing, Plaintiff's Complaint is dismissed pursuant to *Apple v. Glenn*. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  April 22, 2021     /s/ Benita Y. Pearson
Date          Benita Y. Pearson
          United States District Judge

3